IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID SHERAKO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 15 C 8485 |
| v. | ) |
| | ) Judge Jorge L. Alonso |
| US FOODS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of defendant US Foods, Inc. ("US Foods") to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). The motion is granted in part and denied in part.

## BACKGROUND

Plaintiff, David Sherako, was previously employed by defendant US Foods in California as a sales representative who marketed food services to hospitals. Plaintiff alleges in this suit that US Foods defamed him when it sent a letter on March 25, 2015 ("the March Letter") to his subsequent employer, a division of Carlisle Companies, Inc. ("Carlisle"), falsely stating that US Foods had learned that plaintiff had accessed its proprietary database in violation of his Non-Solicitation and Non-Disclosure Agreement ("Agreement") with US Foods.[1]  Carlisle then

---

[1] Plaintiff also names as defendants US Foods Corona, Inc. and Does 1 through 50, but these defendants apparently have not been served. According to US Foods, there is no entity called "US Foods Corona, Inc." (ECF No. 1, Def.'s Notice of Removal ¶ 16.) As for the Does, it appears from plaintiff's response to defendant's motion that at least some of them are not necessarily *unknown* persons but simply *unnamed*. (ECF No. 11, Pl.'s Opp'n to Def.'s Mot. at 5 (asserting that plaintiff's "former supervisor . . . decided to concoct a false series of charges against plaintiff").) Counsel should be prepared to discuss at the next status hearing plaintiff's plans regarding these defendants.

terminated plaintiff's employment, allegedly as a result of US Foods' demand that plaintiff "not work with US Foods in any of the accounts that they serviced." (ECF No. 1, Compl. ¶ 27.) Plaintiff also alleges that five Doe defendants made unspecified "malicious and untrue statements" about plaintiff "in telephone calls to Carlisle personnel." (*Id.*) In addition to the defamation claim, plaintiff brings claims for negligence, intentional infliction of emotional distress, violation of California's unfair competition law, and intentional interference with contract.

This action was originally filed in the California Superior Court for the County of San Diego. US Foods then removed it to the United States District Court for the Southern District of California, invoking diversity jurisdiction, and later filed the instant Rule 12(b)(6) motion to dismiss the complaint as well as a motion to transfer the action to this district under 28 U.S.C. § 1404(a) based on the Agreement's forum-selection clause. The district court in California granted the § 1404(a) motion and deferred ruling on the Rule 12(b)(6) motion so that it could be resolved by this Court.

## DISCUSSION

**A.     Rule 12(b)(6) Standards**

On a Rule 12(b)(6) motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded facts in the complaint, and draws all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

**B.     Choice of Law**

District courts exercising diversity jurisdiction must apply the choice-of-law rules of the forum state to determine what substantive law governs the case. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *W. Bend Mut. Ins. Co. v. Arbor Homes LLC*, 703 F.3d 1092, 1095 (7th Cir. 2013). But when a case is removed to federal court and then transferred to another federal court in a different state under 28 U.S.C. § 1404(a), as it was here, the choice-of-law principles of the state in which the original district court sits typically govern the case. *See Morris v. Nuzzo*, 718 F.3d 660, 673 (7th Cir. 2013); *Anderson v. Aon Corp.*, 614 F.3d 361, 365 (7th Cir. 2010); *Lycurgan, Inc. v. Rood*, No. 3:13-CV-1331-JD, 2014 WL 6810338, at *3 n.4 (N.D. Ind. Dec. 3, 2014).[2] The parties do not address the threshold issues of choice of law or applicable substantive law, but they both rely on California law. Therefore, the Court will apply the substantive law of California. *See Harter v. Iowa Grain Co.*, 220 F.3d 544, 559 n.13 (7th Cir. 2000) (the court will not perform an independent choice-of-law analysis where the parties agree on the governing law and the choice bears a "reasonable relation" to their dispute).

**C.     The March Letter and the Litigation Privilege**

US Foods contends that plaintiff's claims fail as a matter of law because they are all based on the March Letter, a communication made in connection with anticipated judicial proceedings, which under California law is absolutely privileged and cannot serve as a basis for civil liability. (ECF No. 9-1, Def.'s Mem. Supp. Mot. Dismiss at 5-9.) California Civil Code §

---

[2]"The procedures of the transferee district govern, however." *Anderson*, 614 F.3d at 365.

47 provides that a "publication or broadcast" made in any "judicial proceeding" is privileged. This privilege is "absolute in nature" and has been construed so broadly that it is now "applicable to any communication, whether or not it amounts to a publication, and all torts except malicious prosecution." *Silberg v. Anderson*, 50 Cal. 3d 205, 215, 211-12 (1990) (citations omitted). Application of the privilege does not depend on the speaker's "motives, morals, ethics or intent." *Id.* at 220. "The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Id.* at 212.

The litigation privilege "is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto . . . ." *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 163 P.3d 89, 95 (Cal. 2007) (internal quotation marks and citation omitted). Nevertheless, the privilege attaches only "when imminent access to the courts is seriously proposed and actually contemplated, seriously and in good faith, as a means of resolving a dispute and not simply a tactical ploy to induce a settlement." *Eisenberg v. Alameda Newspapers, Inc.*, 88 Cal. Rptr. 2d 802, 818 (Cal. Ct. App. 1999); *see also Edwards v. Centex Real Estate Corp.*, 61 Cal. Rptr. 2d 518, 531-32 (Cal. Ct. App. 1997) (stating that the litigation privilege is an affirmative defense and that it "attaches at that point in time that imminent access to the courts is seriously proposed by a party in good faith for the purpose of resolving a dispute, and not when a threat of litigation is made merely as a means of obtaining a settlement."); *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 264 (9th Cir. 2013) (citing *Edwards*). "Whether a prelitigation communication relates to litigation that is contemplated in good faith and under serious consideration is an issue of fact." *Action Apartment Ass'n*, 163 P.3d at 102; *see also*

4

*Premier Commc'ns Network, Inc. v. Fuentes*, 880 F.2d 1096, 1102-03 (9th Cir. 1989) (citing California law for the proposition that actual good-faith contemplation of suit was required for the privilege to attach and that this inquiry was factual in nature).

In US Foods' view, "there can be no doubt" that the March Letter was sent in good-faith contemplation of suit because it charged plaintiff with having violated the Agreement, expressly advised of the "possibility of litigation," and was a communication between counsel. (Def.'s Mem. Supp. Mot. Dismiss at 8.) The Court disagrees. The litigation privilege is an affirmative defense. Because complaints need not anticipate and attempt to plead around affirmative defenses, a motion to dismiss based on such a defense should be granted only where the pleadings forth everything necessary to satisfy the defense. *See, e.g.*, *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014). The language of the March Letter is not a sufficient basis for the Court to conclude that US Foods was in good faith contemplating and seriously considering a related lawsuit at the time it sent the letter. Whether the litigation privilege applies is a factual issue that cannot be resolved in a motion to dismiss. Accordingly, the Court denies US Foods' motion to the extent that it seeks the dismissal of plaintiff's claims that are based on the March Letter.

**D.     Other Communications**

US Foods further argues that to the extent that plaintiff asserts a defamation claim based on any communications between defendant and Carlisle other than the March Letter, plaintiff fails to plead these communications with the requisite specificity by identifying the "who, what, where, and when" and alleging either the specific words or the substance of the statements. (Def.'s Mem. Supp. Mot. Dismiss at 9-11.)

Although California law is the substantive law that governs plaintiff's claims, and California state courts require that defamation claims be specifically pleaded, it is the pleading standards of the Federal Rules of Civil Procedure that govern in a diversity case. *See Fid. Nat. Title Ins. Co. of N.Y. v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 750 (7th Cir. 2005). Plaintiff's defamation claim does not fall under Rule 9's special pleading regime; thus, he is entitled to the application of Rule 8's notice-pleading standards. *See Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 926 (7th Cir. 2003) (holding that Rule 8, not Illinois pleading rules, applied to a defamation claim). Even under liberal federal pleading standards, however, plaintiff fails to state a defamation claim for any statement other than the March Letter because he fails to put defendant on notice of the bases for the claim. Plaintiff alleges nothing about the substance of the alleged statements. Although plaintiff need not allege their exact wording, he must at least set out who said what and paraphrase the statements. Accordingly, to the extent that plaintiff's claims are based on statements other than the March Letter, they are dismissed without prejudice for failure to satisfy Rule 8.

## CONCLUSION

The motion of US Foods, Inc. to dismiss the complaint [9] is granted in part and denied in part. The motion is denied as to plaintiff's claims that are based on the March Letter, but to the extent that plaintiff's claims are based on any alleged defamatory statements other than the March Letter, they are dismissed without prejudice. The discovery stay is lifted, and a status hearing is set for April 26, 2016 at 9:30 a.m. for the purpose of setting a discovery cutoff.

**SO ORDERED.**                      **ENTERED:**     **April 12, 2016**

                                                        _____
                                                        **JORGE L. ALONSO**
                                                        **United States District Judge**