## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DAVID SHERAKO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  15 C 8485 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| U.S. FOODS, INC., doing business in | ) | |
| California as US FOODSERVICE, INC., | ) | |
| a California corporation; US FOODS | ) | |
| CORONA, INC.; and DOES 1 through 50, | ) | |
| inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions: 1) the parties' joint motion for clarification of scheduling order [50], which is granted; and 2) defendant US Foods, Inc.'s motion for summary judgment [49], which is denied without prejudice to refiling at an appropriate time.  The December 6, 2016 motion hearing is stricken.

The parties' first discovery dispute has to do with the fact-discovery cutoff, which, at a status hearing held on May 10, 2016 (and in the corresponding minute entry), the Court set as October 26, 2016.  It is plaintiff's belief that the "implication" of the Court's ensuing June 9, 2016 minute entry, which extended briefing deadlines that had already been set on an anticipated motion to dismiss, "was that all dates would be continued to allow for discovery to proceed once the motion to dismiss had been ruled upon."  (ECF No. 50, Joint Mot. at 3.)  The Court disagrees with plaintiff that "[t]his belief is reasonable."  (*Id.*)  The June 9, 2016 minute entry said nothing about the discovery cutoff and contained no language from which it could be reasonably inferred that discovery was stayed or would be extended.

That said, the Court overrules defendant's objection to plaintiff's written discovery requests that were issued on September 30, 2016. Defendant argues that by the plain language of the May 10, 2016 order, it should not have to respond to this "tardy" discovery because its response would not be due until shortly after the cutoff date. In the Court's view, defendant's objection is overly technical and contrary to the spirit of cooperation that the Court expects from the attorneys that appear before it. This situation is simply not comparable to instances where written discovery is issued one or two days prior to the discovery cutoff. Therefore, defendant is ordered to respond substantively to plaintiff's written discovery requests by December 16, 2016.

Furthermore, fact discovery is extended until January 31, 2017. The Court will not extend this date unless extraordinary circumstances warrant, so the parties must cooperate in agreeing on remaining deposition dates. The Court is well aware that a general extension of fact discovery minimizes the consequences of plaintiff's baseless belief that discovery was stayed during the pendency of the motion to dismiss. But the Court has chosen to extend discovery generally for both sides instead of attempting to fashion limitations on the extended discovery period. Such limitations would inevitably lead to further discovery disputes in light of the fact that counsel appear unwilling or unable to cooperate with each other. The extension also resolves the parties' dispute regarding a date for the deposition of plaintiff's treating physician.

As for defendant's motion for summary judgment, it is premature, especially in light of the extended discovery period. The Court has not yet decided the pending motion to dismiss. Accordingly, defendant's motion for summary judgment is denied without prejudice to renewal at an appropriate time after the Court rules on the motion to dismiss.

**SO ORDERED.**                      **ENTERED:**    **December 1, 2016**

_____

**JORGE L. ALONSO**
**United States District Judge**